SUPERIOR COURT
OF THE

RICHARD F. STOKES
*JUDGE*

SUSSEX COUNTY COURTHOUSE
1 THE CIRCLE, SUITE 2
GEORGETOWN, DELAWARE 19947
TELEPHONE (302) 856-5264

December 30, 2019

Derek Gay, Esquire
Department of Justice
114 E. Market Street
Georgetown, DE 19947

Michael Abram, Esquire
115 S. Bedford Street
Georgetown, DE 19947

FILED PROTHONOTARY
SUSSEX COUNTY
2019 DEC 30 P 1: 15

RE: *State of Delaware v. Matthew Gleason*, Def. ID# 1903000579

Date Submitted: November 19, 2019

Dear Counsel:

Pending before the Court is an appeal that the State of Delaware ("the State") has

brought from a dismissal of this case by the Court of Common Pleas ("CCP"). That court

suppressed evidence due to a discovery violation and ultimately, dismissed all charges against

Matthew P. Gleason ("defendant"), which included a charge of driving under the influence

("DUI"). This is my decision reversing the decision below and remanding the matter to CCP.

1

The pertinent facts appear below.[1]

Defendant was arrested on a DUI and a charge of not having proof of insurance on or about March 2, 2019. The State filed an information in CCP on March 21, 2019.

The reason for the initial stop was that a call had been made regarding a domestic incident and when the officers responded, they saw a male leaving the driveway and pulled him over. The evidence establishing that the officers received this information was discoverable. This evidence consisted of a recording of the dispatch from 911 to the officer and printouts from SUSCOM that an officer might have read and on which the officer might have relied. These printouts are called "ten times." They accompany any SUSCOM audio recording and are self-authenticating.

The State provided defense counsel with discovery. A cover sheet to the discovery indicated the State had provided a SUSCOM 911 dispatch recording and a copy of the "ten times."

Five days before the trial, the Deputy Attorney General prosecuting the case sent defense counsel an email stating that he believed all the discovery had been provided but if defense counsel believed otherwise, he should contact the Deputy Attorney General. Defense counsel did not respond to this email.

The matter came before CCP for trial on June 17, 2019. A number of cases were set to be tried that date; however, because this case was the oldest on the trial docket, it was

---

[1] The parties have submitted some facts in their briefing that were not of record. My review is limited to information in the record that was available to the trial court when that court decided the discovery issue. *State v. Hicks*, 2019 WL 2152707, *1 (Del. Super. May 15, 2019).

required to be tried first. As of June 17, 2019, the Delaware Supreme Court's speedy trial guidelines required criminal cases in CCP, including DUI cases, to be disposed of within 90 days of the filing of an information.[2] As noted earlier, the State filed the information in this case on March 21, 2019. As of the trial date on June 17, 2019, the 90-day speedy trial guideline deadline had not passed, contrary to the belief of the trial judge.

The testifying officer was not present at the time the matters discussed below were addressed in CCP. Instead, he was on his way to court in order to testify.

When the matter was called, defense counsel stated he had not received a recording of the dispatch from 911 to the officer or the "ten times." There was a lack of clarity in the record regarding the 911 dispatch. The State provided defense counsel with a recording with codes. Because the Deputy Attorney General was unsure of what the codes meant, he could not conclusively state that the recording with codes constituted the 911 dispatch at issue. He needed to speak to the arresting officer to obtain that clarification and, as noted above, that officer was on his way to court. If the recording with codes was the 911 dispatch, then the State had provided the 911 dispatch recording. Defense counsel argued that because the State had not given the defense the "ten times," the Court should bar the State from providing any testimony about the stop of the vehicle and without such, there was no reasonable articulable suspicion to stop the vehicle.

---

[2]*Operating Procedures for the Delaware Judicial Branch,* Appendix D-2, *Policy on Speedy Trial Guidelines.* The Supreme Court amended that policy by order dated October 2, 2019, to extend the time period for the disposition of DUI cases.

The State explained that its cover sheet to the discovery showed that the State had provided both the 911 recording and the "ten times" to defense counsel. The trial court found otherwise.

In response to the Court's question to defense counsel as to whether defense counsel was aware that he did not get the "ten times" and a dispatch tape, he stated:

> Your Honor, I was aware that there was a dispatch tape that should have existed that I did not get. That is correct. As far as the ten times I don't know if I took notice of it. I'll be completely honest with the Court. Unless something is wrong I usually – and maybe to my detriment – ignore some of these things because they're proforma [sic] asking the same thing every single time. I mean I get experts written out for cases that are DUI experts for speeding cases. So it doesn't make a whole lot of sense for me to pay a ton of attention to their written stuff but, yes, in all honesty I assumed that there was a dispatch that I did not have but again I don't know – you never know what they have.
> I mean in their response it says SUSCOM dispatch recording. I got a SUSCOM dispatch recording. I come here and I go; I think there's probably more. There might not have been more. It might have just been on the ten times, which again I didn't get. I mean just for example in this response it says; [sic] we may call the State chemist for blood or drug analysis. It doesn't apply. I mean there's just all kinds of answers that don't make sense. So I can't specifically rely on all of their answers.[3]

The State asked for a continuance. The State had the "ten times" with it at trial. The documents were not extensive and defense counsel could have reviewed them that day if the trial court had granted a recess. Defense counsel did not offer any reason why a continuance might somehow prejudice the defendant. The trial court did not consider granting a recess until the police officer arrived. The trial court stated it would not continue the case. It gave no reason for the denial of a continuance although it did incorrectly state at some point that the case was over the speedy trial guideline deadline.

---

[3] Transcript of June 17, 2019 Proceedings at 30-31 ("Trans. at _____").

4

The trial court stated that the email the State sent asking if anything was missing was not adequate. The trial court did not address prejudice to the defendant. The trial court then ruled:

> I'm suppressing whatever the ten tens and if there is a transcript or if there is a dispatch tape that is suppressed as well in violation of the rules of discovery. I just do not find there to be any excuse.[4]

The State explained that if the Court barred the State from presenting testimony on that issue, the State could not make its case because there would be nothing to show reasonable articulable suspicion to pull over the vehicle. The State then certified it could not proceed without that evidence and CCP dismissed the case.

In the case of *State v. Hicks*,[5] this Court recently set forth the standard of review appropriate to this matter:

> The standard of review of an appeal from CCP is as follows:

>> The Superior Court is authorized to consider appeals from the Court of Common Pleas in criminal matters. When addressing appeals from the Court of Common Pleas, the Superior Court acts as an intermediate appellate court, with the same function as that of the Supreme Court. In considering an appeal from the Court of Common Pleas to the Superior Court, the Superior Court determines whether there is legal error and whether the factual findings made by the trial judge are sufficiently supported by the record. Factual findings by the Court of Common Pleas are given deference and are reviewed for clear error. Legal questions are reviewed *de novo* (footnotes and citations omitted).

> The appellate court reviews a trial court's application of discovery rules for abuse of discretion. (Footnotes and citations omitted).

---

[4] *Id.* at 37-38.

[5] 2019 WL 2152707, * 3 (Del. Super. May 9, 2019).

5

In a decision dated March 13, 2018, this Court reviewed the steps CCP must take in dealing with discovery violations.[6] It explained in *Rively*:

> 3) Where the court below dismisses a case for a discovery violation, this Court reviews whether that dismissal constituted an abuse of discretion. When faced with a discovery violation, CCP can order the production of the discovery, grant a continuance, prevent the introduction of material or impose any other order it deems just. However, before issuing a sanction, the Court must weigh all relevant factors, including the extent of prejudice to the defendant. The court must "'balance the needs of society with the defendant's right to a fair trial.'" A case is not to be "dismissed absent some definable or measurable prejudice to the defendant." The defendant has the burden of showing prejudice.
> 4) Here, the defense did not provide any reason for why the defendant might be prejudiced. The court below did not weigh any factors in determining what sanction should be imposed, and in particular, it did not consider any factors which might support a finding of prejudice. Thus, the court below abused its discretion when it dismissed the case. (Footnotes and citations omitted).[7]

The case at hand presents a nearly identical factual scenario as occurred in *Rively*.[8] There, as here, the defense did not address prejudice. That omission is particularly important here where the defense recognized days before trial that it was missing the dispatch tape and was on notice that it might be missing the "ten times." As was the situation in *Rively*, CCP did not undertake the weighing process required. In this case, the trial court held that because there was a discovery violation, the information must be suppressed. Because the court below failed to consider the prejudice element, it abused its discretion in suppressing the evidence.

---

[6] *State v. Rively*, Def. ID # 1704016124, Graves, J. (Del. Super. Mar. 13, 2018) (ORDER)("*Rively*").

[7] *Id.* at 4-5.

[8] The defense attempts to distinguish the facts of this case from those of *Rively*. There are no distinctions on the pertinent matters.

For the forgoing reasons, this decision is reversed and the matter is remanded for prosecution.

IT IS SO ORDERED THIS 30th DAY OF DECEMBER, 2019.

Very truly yours,

Richard F. Stokes

cc: Prothonotary's Office
    Court of Common Pleas